FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 7 - 2010

GREGORY C. LANGHAM
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. '10 - CV - 00792

LAWRENCE M. JIRON,

    Plaintiff,

v.

ROBERT W. OGBURN,

    Defendant.

---

ORDER DIRECTING CLERK TO COMMENCE CIVIL ACTION AND
DISMISSING THE ACTION

---

Lawrence M. Jiron, a prisoner in the custody of the Colorado Department of Corrections at the Colorado State Penitentiary in Cañon City, Colorado, has submitted to the Court a "Summons and Complaint." Mr. Jiron seeks to initiate a federal criminal prosecution against a Colorado state court judge who allegedly has committed perjury and other crimes that have caused Mr. Jiron to be and remain incarcerated. However, courts universally endorse the principle that private citizens cannot prosecute criminal actions. *See, e.g., Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir.1989) (per curiam); *Connecticut Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 86-87 (2d Cir.1972) ("It is a truism, and has been for many decades, that in our federal system crimes are always prosecuted by the Federal Government, not as has sometimes been done in Anglo-American jurisdictions by private complaints."); *Winslow v. Romer*, 759 F. Supp. 670, 673 (D. Colo.1991) ("Private citizens generally have no standing to

institute federal criminal proceedings."). Therefore, the Court finds that Mr. Jiron lacks standing to invoke the authority of United States attorneys under 28 U.S.C. § 547 to prosecute for offenses against the United States. Furthermore, because Mr. Jiron lacks standing to file a criminal complaint and maintain a criminal action, the Court will not direct the clerk of the Court to commence a criminal action based on the "Summons and Complaint" submitted by Mr. Jiron. Instead, the Court will direct the clerk of the Court to commence a civil action. For the reasons stated below, the civil action will be dismissed.

Mr. Jiron has been permanently enjoined from filing *pro se* civil complaints in this Court without first obtaining leave of court to proceed *pro se*. *See Jiron v. County of Alamosa*, No. 95-cv-01075-EWN (D. Colo. Sept. 17, 1998). In order to obtain permission to proceed *pro se*, Mr. Jiron must submit with any complaint he seeks to file a "Petition Pursuant to Court Order Seeking Leave to File a *Pro Se* Action" that includes certain information specified in the sanction order. Mr. Jiron has not filed the necessary petition seeking leave to file a *pro se* action and he has not provided the information specified in the sanction order. Therefore, the action will be dismissed because Mr. Jiron has failed to comply with the sanction order. Accordingly, it is

ORDERED that the clerk of the Court commence a civil action. It is

FURTHER ORDERED that the "Summons and Complaint" and the action are dismissed without prejudice because Plaintiff has failed to comply with the order enjoining him from filing *pro se* civil actions.

DATED at Denver, Colorado, this 6 day of April, 2010.

BY THE COURT:

/s/ Christine M. Arguello for
CHRISTINE M. ARGUELLO
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 10 – CV – 00792

Lawrence M. Jiron
Prisoner No. 116040
Colorado State Penitentiary
P.O. Box 777
Cañon City, CO 81215-0777

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on   4/7/10

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk